USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

AYODEJI ODUNAIKE,                          :

                Petitioner,          :         08 Civ. 7300 (WHP)
                                              04 Cr. 1064 (WHP)
                                     :
           -against-                         MEMORANDUM & ORDER
                                     :

UNITED STATES OF AMERICA,                  :

                Respondent.         :
------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Petitioner Ayodeji Odunaike ("Odunaike") moves to vacate, set aside or modify his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Odunaike's motion is denied.

## BACKGROUND

        On August 3, 2005, a jury convicted Odunaike of one count of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2)—i.e., credit card fraud; one count of trafficking of at least one access device and obtaining things of value over $1,000 in a one year period in violation of 18 U.S.C. § 1029(a)(2); one count of possession of fifteen unauthorized and counterfeit access devices with the intent to defraud in violation of 18 U.S.C. § 1029(a)(3); and one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. (Joint Appendix on Appeal ("Appx.") at 11-20.)

At sentencing, this Court calculated Odunaike's base offense level at seven with a fourteen-level enhancement for an intended loss of more than $400,000 but less than $1,000,000. (Appx. at 452.) The Court also imposed four additional two-level enhancements because: (1) the offense involved more than ten victims; (2) Odunaike employed sophisticated means; (3) the fraudulent activity involved the possession of five or more means of identification; and (4) Odunaike "provided false information" regarding his immigration status. (Appx. at 463.) His total base offense level was twenty-nine. (Appx. at 464.) This Court sentenced Odunaike to, inter alia, 87 months imprisonment, which was within the Guidelines range of 87 to 108 months. (Appx. at 466.)

Odunaike appealed his conviction arguing: (1) the evidence presented was insufficient to establish venue in New York; (2) this Court's instructions regarding venue were improper; (3) the sophisticated means enhancement was incorrectly applied; (4) the loss amount was incorrectly calculated; (5) the sentence was unreasonable; and (6) the sentence as to count one exceeded the statutory maximum.

In a summary order, United States v. Odunaike, 273 Fed. App'x 58 (2d Cir. 2008), the Court of Appeals affirmed all five counts but modified the sentence with respect to count one to 60 months.

DISCUSSION

Odunaike argues that: (1) his trial counsel was ineffective because he failed to provide relevant INS documents that revealed he was truthful during his bail hearing, failed to properly research the number of victims injured by Odunaike's actions, and failed to cite relevant

2

case law; and (2) this Court's sentence was unreasonable because, inter alia, it failed to properly consider factors pursuant to 18 U.S.C. § 3553(a).

I. Ineffective Assistance of Counsel

"To allege a successful ineffective assistance of counsel claim a defendant must show that: (1) counsel's performance was unreasonably deficient under prevailing professional standards, and, (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different." United States v. Torres, 129 F.3d 710, 716 (2d Cir. 1997); see also Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). There is a "strong presumption" that counsel's performance was not deficient. See Strickland 466 U.S. at 690. Self-serving, conclusory allegations are insufficient to establish ineffective assistance of counsel. Torres, 129 F.3d at 715-17.

    A. Failure to Provide INS Documents

This Court adopted the conclusion in the pre-sentence report that Odunaike lied to a magistrate judge at his bail hearing when he claimed he was a permanent resident. Odunaike argues that his counsel should have offered a document at sentencing stating that Odunaike is "an alien paroled pursuant to Section 212(d)(5) of the Immigration and Nationality Act" and noting that Odunaike may reapply for adjustment of his immigration status. (Petitioner's Ex. A dated June 20, 2001: Authorization For Parole of an Alien into The United States.) However, the proffered document does not state that he is a permanent resident, and thus it was not "objectively unreasonable" for Odunaike's attorney to withhold this document at sentencing. Accordingly, this claim is without merit.

3

B. Failure to Properly Investigate the Number of Victims

Odunaike's counsel objected to the pre-sentence report's conclusion that his crime involved more than ten victims. Odunaike does not offer any new evidence or specific allegations concerning what information his attorney failed to investigate. Accordingly, Odunaike's argument fails to demonstrate that his attorney's actions were objectively unreasonable.

C. Failure to Investigate Applicable Law

Odunaike argues his counsel failed to cite, United States v. Mohammed, 315 F. Supp. 2d 354 (S.D.N.Y. 2003), at the sentencing stage. Odunaike asserts that Mohammed holds that the multiple victim enhancement should not apply where the economic loss falls on a single financial institution. However, Odunaike's counsel objected to the pre-sentence report on the grounds that the sentencing guidelines defined a "victim" as "any person who sustained any part of the actual loss." Moreover, the mere omission of a single district court opinion is not objectively unreasonable. See Berry v. Hulihan, No. 08 Civ. 6557(LBS), 2009 WL 233981, at *7 (S.D.N.Y. Jan. 28, 2009) (denying habeas relief to a petitioner who asserted that his counsel failed to cite "authority to support her legal arguments").

To the extent Odunaike argues that his counsel should have advanced this argument on appeal, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000); see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate

4

advocacy.") (quoting Jones v. Barnes, 463 U.S. 745, 751-752 (1983)). Accordingly, this claim is without merit.

II. Reasonableness of Sentence

Odunaike challenges the reasonableness of his sentence on three grounds: (1) that this Court did not adequately explain why a non-Guidelines sentence was not warranted; (2) that this Court did not consider the § 3553(a) factors; and (3) in light of Gall v. United States, 128 S. Ct. 586 (2007) and Kimbrough v. United States, 128 S. Ct. 558 (2007).

A. 3553(a)

Pursuant to 18 U.S.C. § 3553(a), in addition to considering the Guidelines, a court:

> must form its own view of the nature and circumstances of the offense and the history and characteristics of the defendant. The sentencing judge is directed, moreover, to consider: a) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for that offense; b) the need to afford adequate deterrence to criminal conduct; c) the need to protect the public from further crimes by the defendant; and d) the need for rehabilitation.

United States v. Cavera, 550 F.3d 180, 188-189 (2d Cir. 2008) (en banc) (internal citations and quotation marks omitted).

At sentencing, this Court specifically found that a sentence within the Guidelines range would be reasonable and just. (Appx. at 465.) This Court recounted its analysis of the § 3553(a) factors, noting Odunaike was illegally within the United States, failed to pay child support, and incurred large credit card debt. This Court further noted that the evidence in the case was "overwhelming," and that Odunaike was "a predator on financial institutions and honest people in this country." Finally, this Court stated that Odunaike's crimes would have

5

continued had he not been arrested. Thus, the record indicates that the Court considered the § 3553(a) factors before imposing a Guidelines sentence. Accordingly, this claim is without merit.

B. Recent Case Law

Finally, Odunaike argues that in light of Gall v. United States, 128 S. Ct. 586 (2007) and Kimbrough v. United States, 128 S. Ct. 558 (2007) his due process rights were violated and his sentence is unreasonable.

In Kimbrough, the Supreme Court held that a district court may impose a sentence below the Guidelines if the disparity between cocaine and crack sentences creates a sentence that is "greater than necessary." Kimbrough, 128 S. Ct. at 565 (citing 18 U.S.C. § 3553(a)). In Gall, the Supreme Court instructed circuit courts to review a district court's sentence under an abuse of discretion standard even if the sentence falls outside the Guidelines range. Gall, 128 S. Ct. at 601. Neither of these cases is relevant to the Guidelines sentence imposed on Odunaike.

III. Hearing

Section 2255(b) requires a hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the record clearly establishes that Odunaike's claims are without merit, Odunaike's request for a hearing is denied.

## CONCLUSION

For the foregoing reasons, Odunaike's petition is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to dismiss all pending motions as moot and mark this case as closed.

Dated: May 14, 2009
       New York, New York

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III
U.S.D.J

*Copies Mailed to:*

Mr. Ayodeji Odunaike
Reg No.: 56720-054
Moshannon Valley Correction Center
555 I Cornell Drive
Phillipsburg, PA 1686
*Petitioner Pro Se*

Harry A. Chernoff, Esq.
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
*Counsel for Respondent*

7